Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200004463
Transaction ID: 0012241362
Filing Date: 12/04/2020 09:26:44 AM CST

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| RYAN S. HUNTLEY, | ) | Case No. _____ |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| WATTS ELECTRIC COMPANY, | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendant hereby states the following:

**PARTIES-VENUE-JURISDICTION**

1. Plaintiff RYAN S. HUNTLEY, is a resident of Papillion, Sarpy County, Nebraska.

2. Defendant WATTS ELECTRIC COMPANY is a Nebraska corporation authorized to conduct business in Nebraska with its principal office located in Waverly, Lancaster County, Nebraska.

3. This Court has original jurisdiction over the claims arising under state law.

4. Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of his employment in Lancaster Nebraska.

5. On or about October 16, 2020, less than 90 days prior to the filing of this Complaint, Plaintiff received the Nebraska Equal Opportunity Commission's "reasonable cause" determination with respect to Plaintiff's charges, NEB-1-18/19-10-50001-RS.

6. On or about October 13, 2020, less than 90 days prior to the filing of this Complaint, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment

**EXHIBIT A**

1

Opportunity Commission on charge number 32E-2019-00027.

## FACTUAL BACKGROUND

7. Plaintiff Huntley (hereinafter referred to as "Huntley") commenced employment with Defendant Watts Electric Company (hereinafter referred to as "Watts") on August 27, 2018, as an Apprentice Lineman.

8. Huntley suffers from a physical injury to his lower back that requires him to take medications prescribed to him by his physicians.

9. For Huntley's job with Watts, he was required to have a commercial driver's license and a DOT medical card. During Huntley's first week of employment, he had a physical for the medical card, and disclosed that he takes medication for an injury he sustained while in the military, and denied having any side effects or other issues.

10. Huntley did not inform Watts of his disability at time of hire because his doctors at Veterans Affairs told Huntley he wouldn't have any issues doing the job.

11. As a result of his physical, Huntley was issued a DOT medical card for one year instead of the standard two years, so that his medical condition could be monitored. It was Huntley's understanding that issuing a one-year DOT card is common for drivers who are on medications.

12. After receiving his DOT medical card, Huntley submitted it to Watts' payroll clerk, Teresa Randall. The next day, Watts' President, Dave Watts called Huntley and asked why he had only been given a one year card.

13. Huntley explained everything to Mr. Watts and Huntley worked the rest of the week.

14. On September 4, 2018, Kiley LNU, with Watts' HR called Huntley and informed

2

him that it had been discussed and determined that it was not in Huntley's, or Watts' best interest for him to continue working there, as they felt Huntley's condition could worsen, and they didn't feel he was able to do the job.

15. Prior to termination, Huntley's job performance was satisfactory.

16. At the time of his termination, Plaintiff was earning approximately $22.50 per hour working over 40 hours per week. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are in excess of $127,000.00.

17. As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

<u>**COUNT I**</u>

**DISABILITY DISCRIMINATION**

**Neb. Rev. Stat. §48-1104 ("NEFEPA")**

18. Plaintiff hereby incorporates paragraphs 1 through 17 as if fully set forth herein and states:

19. Defendant is and was at all times material an "employer" within the meaning of under Neb. Rev. Stat. §48-1102.

20. Plaintiff was disabled within the meaning of the NEFEPA.

21. Defendant regarded Plaintiff as disabled by an actual or perceived impairment that substantially limits a major life activity.

22. Plaintiff was qualified to perform the essential functions of the job, with or without accommodation.

23. At all times relevant, Plaintiff suffered from an impairment that substantially limited one or more of his major life activities and major bodily functions.

24. Defendant discriminated against Plaintiff because of his disability and altered a term, condition and/or privilege of his employment, including but not limited to harassing Plaintiff about his disability and termination of his employment.

25. Defendant failed to accommodate Plaintiff's disability in violation of the NEFEPA.

26. Defendant failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the NEFEPA.

27. Plaintiff's disability was a motivating factor in such discrimination, failure to accommodate and failure to engage in the interactive process.

28. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## COUNT II

### DISABILITY DISCRIMINATION

### 42 U.S.C. §§12101 et seq. ("ADA")

29. Plaintiff hereby incorporates paragraphs 1 through 28 as if fully set forth herein and states:

30. Defendant is and was at all times material an "employer" within the meaning of under 42 U.S.C. §12111.

31. Plaintiff is and was disabled within the meaning of the ADA, as amended.

4

32. Defendant regarded Plaintiff as disabled by an actual or perceived impairment that substantially limits a major life activity.

33. At all times relevant, Plaintiff suffered from an impairment that substantially limited one or more of his major life activities and major bodily functions.

34. At all times relevant, Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

35. Defendant discriminated against Plaintiff because of his disability and altered a term, condition and/or privilege of his employment, including but not limited to harassing Plaintiff about his disability and termination of his employment.

36. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

37. Defendant failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the ADA.

38. Plaintiff's disability was a motivating factor in such discrimination, failure to accommodate and failure to engage in the interactive process.

39. The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant are subject to punitive damages.

40. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## DAMAGES

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 and states:

42. As a result of Defendant's discrimination, Plaintiff has suffered damages and seeks the following relief:

 a. Lost wages and benefits to the time of trial;

 b. Front pay;

 c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

 d. Punitive damages under Federal law;

 e. Attorney's fees, expert witness fees and other reasonable costs; and,

 f. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for all his general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: December 4, 2020.

                                        RYAN S. HUNTLEY, Plaintiff

                                BY:    /s/ Jennifer Turco Meyer
                                       Jennifer Turco Meyer, #23760
                                       Of Dyer Law, P.C., LLO
                                       2611 S. 117th Street
                                       Omaha, Nebraska 68144
                                       (402) 393-7529
                                       (402) 391-2289 facsimile
                                       Jennifer@dyerlaw.com
                                       Attorney for Plaintiff

6

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200004463
Transaction ID: 0012251272
Filing Date: 12/07/2020 09:37:10 AM CST

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| RYAN S. HUNTLEY, | ) | Case No. CI20-4463 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| WATTS ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE Summons with a copy of the Complaint in the above-entitled matter and deliver the same to attorney for the Plaintiff for service upon the Defendant via certified mail, return receipt requested, to the following address:

    Watts Electric Company
    by and through their Registered Agent
    Kylie Fallick
    13351 Dovers Street
    Waverly, NE 68462

Dated: December 7, 2020.

                                RYAN S. HUNTLEY, Plaintiff

                    BY:    <u>/s/ Jennifer Turco Meyer</u>
                            Jennifer Turco Meyer, #23760
                            Of Dyer Law, P.C., LLO
                            2611 S. 117th Street
                            Omaha, Nebraska 68144
                            (402) 393-7529
                            (402) 391-2289 facsimile
                            Jennifer@dyerlaw.com
                            Attorney for Plaintiff

| Image ID:<br>D00609791D02 | **SUMMONS** | Doc. No. 609791 |
|---|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508


Ryan S. Huntley v. Watts Electric Company

Case ID: CI 20    4463


TO:   Watts Electric Company

**FILED BY**
Clerk of the Lancaster District Court
12/07/2020

You have been sued by the following plaintiff(s):

   Ryan S Huntley




Plaintiff's Attorney:    Jennifer L Meyer
Address:                 2611 S 117th St
                         Omaha, NE 68144

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  DECEMBER  7, 2020     BY THE COURT:  _____
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

       Watts Electric Company
       c/o Kylie Fallick, Reg Agent
       13351 Dovers St
       Waverly, NE 68462

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SERVICE RETURN**   Doc. No.   609791

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                    NE 68508

To:
Case ID: CI 20    4463   Ryan S Huntley v. Watts Electric Company

Received this Summons on _____, _____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

| | |
|---|---|
| Service and return | $ _____ |
| Copy | _____ |
| Mileage ____ miles | _____ |
| TOTAL | $ _____ |

Date: _____   BY: _____
                                  (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Watts Electric Company          From: Jennifer L Meyer
    c/o Kylie Fallick, Reg Agent          2611 S 117th St
    13351 Dovers St                       Omaha, NE 68144
    Waverly, NE 68462

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200004463
Transaction ID: 0012316780
Filing Date: 12/15/2020 11:34 AM CST

## SERVICE RETURN

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                    NE 68508

To:
Case ID: CI 20    4463  Ryan S Huntley v. Watts Electric Company

Received this Summons on _____, _____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party: _____

by _____

_____

as required by Nebraska state law.

Service and return    $ _____
Copy                     _____
Mileage ____miles        _____
   TOTAL              $ _____

Date: _____    BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Watts Electric Company

At the following address: by and through their Registered Agent, Kylie Fallick

13351 Dovers Street, Waverly, NE 68462

on the 7th day of December, 2020 as required by Nebraska state law.

Postage $ 7.05    Attorney for: Plaintiff/Ryan S. Huntley

The return receipt for mailing to the party was signed on December 9, 2020.

To: Watts Electric Company          From: Jennifer L Meyer
    c/o Kylie Fallick, Reg Agent          2611 S 117th St
    13351 Dovers St                        Omaha, NE 68144
    Waverly, NE 68462

**ATTACH RETURN RECEIPT & RETURN TO COURT**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kylie Fallick, Registered Agent
Watts Electric Company
13357 Dovers Street
Waverly NE 68462

9590 9402 6165 0220 0707 42

2. Article Number (Transfer from service label)

7020 2450 0001 5119 1259

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name): Fallick
C. Date of Delivery: 09DEC2020

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ~~ail~~
☐ ~~ail~~ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

```
Image ID:                    SUMMONS                       Doc. No.  609791
D00609791D02
```

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                    NE 68508

Ryan S. Huntley v. Watts Electric Company

Case ID: CI 20    4463

TO:   Watts Electric Company

You have been sued by the following plaintiff(s):

    Ryan S Huntley

Plaintiff's Attorney:    Jennifer L Meyer
Address:                 2611 S 117th St
                         Omaha, NE 68144

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: DECEMBER 7, 2020    BY THE COURT: _____
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Watts Electric Company
    c/o Kylie Fallick, Reg Agent
    13351 Dovers St
    Waverly, NE 68462

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

## Certificate of Service

I hereby certify that on Tuesday, December 15, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Watts Electric Company service method: No Service

Signature: /s/ Jennifer Turco Meyer (Bar Number: 23760)